IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. VAN BUREN, SR., | ) | Case No. 4:06CV3295 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BURLINGTON NORTHERN | ) | |
| SANTA FE RAILWAY COMPANY, | ) | |
| A Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff suffered significant injury when his pickup was struck by a train. He claims that his medical bills exceed $500,000.  This is a serious matter.

The defendant has filed a motion for summary judgment, supported by an initial brief, arguing that many, and perhaps all, of the plaintiff's claims are preempted by the federal government's regulation of railroads.  Shortly after the brief was filed, the President signed a law that amended the relevant preemption statute. *See* 49 U.S.C. § 20166 (August 3, 2007).  As a result, and understandably, the defendant's initial brief did not address the change in the law.

To complicate matters, the plaintiff's responsive brief relied heavily upon the new law.  Thus, the discussion about preemption was incomplete because the party opposing preemption relied on the new law, and the moving party did not address the new law in its initial brief for the understandable reason that it had not become the law when that brief was filed, although the moving party did address the new law in its reply brief.

It is my view that the new law did not do away with preemption.  That said, the new law clearly allowed some state law claims to proceed where preemption may

have previously prevented recovery on state law theories. Given the recency of the new law, the plaintiff and defendant have not been given the opportunity to carefully tailor their arguments to the new law and each specification of negligence. In other words, I remain uncertain about how the specific provisions of the new law, as related to the allegations of negligence, impact this case.

To make matters even more complicated the plaintiff failed to comply with our local rules of practice and the federal rules of civil procedure, particularly regarding the authentication of exhibits and the method for controverting an opponent's statement of facts.[1] As a result, the defendant has moved to strike significant portions of the plaintiff's submissions or to deem the defendant's statement of facts admitted. In turn, the plaintiff's counsel has sought to be relieved of some or all of these errors.

This case has been set for trial on November 13, 2007. A pretrial conference is scheduled for October 25, 2007.

After considering the status of this case, I have decided to start the summary judgment process over and delay the pretrial conference and trial accordingly. I do so in an effort to be fair to both parties, although I realize, with regret, that this imposes substantial additional costs on both parties. Therefore, on October 23, 2007, I held a telephone conference with counsel to discuss the precise terms of this memorandum and order. While neither side agreed to the entry of this memorandum and order, counsel's frank and candid assistance is sincerely appreciated.

At the telephone conference, I discussed with counsel their understanding of the specifications of negligence. This is important because if there is no common understanding of the specifications of negligence, the parties cannot adequately brief

---

[1] Plaintiff's counsel is encouraged to carefully read our local rules. They are available on our Web site. In particular, counsel would be well advised to read and carefully follow NECivR 7.1(b) (regarding opposing a motion) and NECivR 56.1(b) (regarding opposing a motion for summary judgment).

the summary judgment question that most troubles me, and that is the preemption question and the impact of the new law. Therefore, after hearing the lawyers, but without their agreement, I have taken it upon myself to clarify the specifications of negligence that will govern the further progression of this case. That clarification appears below.

IT IS ORDERED that:

1. The motion for summary judgment (filing 48), the motion to submit post-brief citations (filing 62), the motion to submit additional exhibits (filing 71), the motion to file a supplemental brief (filing 75) and the motion to strike (filing 80) are denied.

2. The specifications of negligence that will govern the progression of this case are these and only these, to wit:

    A. Failure of the BNSF crew to sound the horn;

    B. BNSF allowing a farmer to grow corn on land adjacent to the crossing in such away as to partially or fully obstruct the line of sight of the plaintiff regarding his ability to observe the train as he approached the crossing;

    C. Failure of the BNSF crew to keep a proper lookout and timely apply the brakes;

    D. Failure of BNSF to follow its own policy regarding vegetation growth.

3. Regarding summary judgment, the parties shall comply with the following schedule:

      A.    The defendant may submit a new motion for summary judgment no later than November 30, 2007. If the defendant submits a new motion for summary judgment, it shall be supported by a new brief and new evidence index. In other words, the defendant may not rely upon or refer to old filings whether pertaining to briefs or evidence.

      B.    No later than December 31, 2007, the plaintiff may submit a new responsive brief and new evidence index regarding defendant's motion for summary judgment. In other words, the plaintiff may not rely upon or refer to old filings whether pertaining to briefs or evidence.

      C.    The defendant may submit a reply brief no later January 14, 2007.

4.    The previously scheduled pretrial conference is cancelled. A new pretrial conference in this case is scheduled for Monday, April 28, 2008 at 9:00 a.m. before the undersigned.

5.    The previously scheduled trial date is cancelled. Trial of this case is reset for no more than 7 trial days as the number one case, before all other cases, including criminal cases, on Monday, May 19, 2008.

6.    This memorandum and order does not reopen the case for further discovery. This memorandum and order does not reopen the case for the submission of additional pleadings except as explicitly addressed in paragraph 3.

October 24, 2007.                              BY THE COURT:

                                                          *s/Richard G. Kopf*
                                                          United States District Judge